UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>LANCE B. HAYNIE,<br><br>    Debtors. | Case No. 17-20587-TLM |
| JACK KRYSTAL,<br><br>    Plaintiff,<br><br>v.<br><br>LANCE B. HAYNIE,<br><br>    Defendant. | Adv. No. 17-07010-TLM |

## SUMMARY ORDER

On December 18, 2017, Jack Krystal ("Plaintiff") filed a complaint against the Debtor/Defendant alleging causes of action under §§ 523(a)(2), (a)(4) and (a)(6). A pretrial conference was held on March 14, 2018, and a further pretrial conference was held one year later on March 12, 2019. As result of that latter conference, which included the participation and agreement of counsel, the Court entered a March 12, 2019 Pretrial Order. *See* Adv. Doc. No. 19. That Pretrial Order set several deadlines.

ORDER - 1

Discovery was to be fully completed by July 12, 2019.[1]  A four day trial was set for December 2–5, 2019.  And the Pretrial Order expressly provided:

> Any and all pretrial motions, including any motions for continuances, must be filed and a hearing held before the Court in accordance with the Bankruptcy Rules and Local Bankruptcy Rules (including but not limited to LBR 7056.1) no later than September 13, 2019.

*Id*. at 2.

Under LBR 7056.1(b)(1), a motion for summary judgment must be filed, along with supporting affidavits, a statement of undisputed facts, a supporting brief, and a notice of hearing at least 28 days before the time fixed for the hearing.  Thus, the parties knew on March 12, 2019, as a result of their participation in the pretrial conference and their receipt of the Pretrial Order, that a hearing on any motion for summary judgment would have to be properly scheduled for and held prior to September 13, 2019.  This therefore provided a 6-month window to bring any such motions before the Court.  And the Pretrial Order's citation to (and emphasis by the Court at the pretrial conference regarding) LBR 7056.1 clearly advised the parties that a summary judgment motion would have to be filed no later than mid-August in order to be timely heard.

On September 4, 2019, Defendant filed a "Motion to Extend Deadline," Adv. Doc. No. 25 (the "Motion").  The Motion seeks to extend the deadline for Defendant's filing and hearing a motion for summary judgment.  The Motion makes no attempt to explain counsel's failure to timely comply with the express conditions and deadlines of the

---

[1] That deadline was later extended by agreement to allow depositions on August 6, 2019.  *See* Adv. Doc. No. 22.  No other provisions of the Pretrial Order were modified.

ORDER - 2

Pretrial Order.  Instead, the Motion states that, under Fed. R. Civ. P. 56(b), incorporated by Fed. R. Bankr. P. 7056, a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery," and alludes to the extension of discovery through August 6, 2019.  Thus the Motion suggests that a summary judgment motion could be filed by September 5.  While Fed. R. Civ. P. 56(b) does allow the 30 days from the close of discovery, the rest of the language of Fed. R. Civ. P. 56(b), not cited by Defendant, is critical:

> **(b)  Time to File a Motion.**  *Unless a different time is set by local rule or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(emphasis added).  The emphasized language is also included in Fed. R. Bankr. P. 7056.

Here, the Court's Pretrial Order established a September 13, 2019 deadline to hear a motion for summary judgement.  Ample time was provided for the filing and hearing of a motion for summary judgment in this case.  And, as noted, the deadlines in the Pretrial Order were set with the knowledge and participation of counsel at the pretrial conference.

Therefore, on the record in this matter, the Court being adequately advised and cause appearing:

IT IS HEREBY ORDERED that Defendant's Motion, Adv. Doc. No. 25, is DENIED.

DATED:  September 5, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

ORDER - 3